Michael S. Davis
Yoav M. Griver
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

*Attorneys for Plaintiff*
*National Union Fire Insurance Company of Pittsburgh, Pa.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,<br><br>                              Plaintiff,<br><br>- against -<br><br>DECTON, INC.,<br><br>                              Defendant. | Civ. No.:<br><br>**COMPLAINT** |

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), by its attorneys Zeichner Ellman & Krause LLP, alleges, upon information and belief, for its Complaint against defendant Decton, Inc. ("Decton") as follows:

**NATURE OF THE ACTION**

1. This is an action for breach of a Settlement Agreement and Mutual Release (the "Settlement Agreement").

2. In settlement of litigation between the parties, relating to Decton's failure to pay what it owed for workers' compensation liability insurance, Decton agreed make 36 monthly payments to National Union. Decton further agreed that, if it defaulted on its payment obligation, and failed to cure its default within 15 business days of notice of such default, National Union

would be entitled to recover the full "Adjusted Outstanding Balance" – as defined in the Settlement Agreement – less any payments made pursuant to the Settlement Agreement.

3. Decton has defaulted on its payment obligation under the Settlement Agreement. National Union has provided Decton with an applicable notice of default, but Decton has failed to cure its default within the applicable cure period.

4. National Union brings this action to enforce its rights against Decton and recover all amounts due it as set forth below.

## THE PARTIES

5. Plaintiff National Union is a Pennsylvania corporation, with a principal place of business in New York, New York.

6. Upon information and belief, Decton is a California corporation, with its principal place of business in Irvine, California.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy, exclusive of interest and costs, exceeds $75,000 and Plaintiff and Defendant are citizens of different States.

8. Venue is proper within this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the within action occurred in this district and because Defendant is subject to personal jurisdiction in this district. In addition, the Settlement Agreement

contains a forum selection clause, which provides that "[a]ny dispute regarding this Agreement shall be brought in State or Federal Court in New York County, New York."

## FACTS COMMON TO ALL COUNTS

9. National Union provided workers' compensation liability insurance coverage to Decton pursuant to a number of insurance policies and related agreements, including a Payment Agreement (the "Insurance Program").

10. A dispute arose between National Union and Decton concerning Decton's obligation to remit certain premium payments, as well as the enforceability of certain of the documents governing the Insurance Program.

11. On August 1, 2014, National Union initiated an arbitration proceeding, in which National Union alleged that Decton owed National Union certain amounts under the Insurance Program (the "Arbitration").

12. To fully and finally settle their dispute, the parties entered into the Settlement Agreement, dated as of March 2, 2016.

13. The Settlement Agreement provides that Decton shall make thirty-six (36) monthly payments of $19,129.06 each, beginning with the first payment on March 7, 2016. The Agreement further provides that, in the event Decton defaults on its obligation to remit payment based on the foregoing schedule, National Union may provide written notice of such default, and if Decton does not cure such default within 15 business days of such notice of default, the entire "Adjusted Outstanding Balance," less any payments made pursuant to the Settlement Agreement, shall become immediately due and payable.

14. The Adjusted Outstanding Balance, as stated in the Settlement Agreement, is $1,486,584.

15. Decton made some of the required installment payments in an amount totaling $586,065, but has now gone into default, and failed to make all the required installment payments.

16. National Union served Decton with a notice of default pursuant to the terms of the Agreement on February 25, 2020. Decton failed to cure its default within the 15 business day cure period, or at any time thereafter. Thus, pursuant to the Settlement Agreement, Decton owes National Union $900,519, which is the entire Adjusted Outstanding Balance of $1,486,584, less the $586,065 in installments Decton has previously paid.

17. In addition, the Settlement Agreement contains a "Ratification of Obligations Provision" that provides that Decton remains liable for its payment obligations under the Insurance Program and its Payment Agreement with National Union:

> 5. Ratification of Obligations: The Parties agree that this Agreement does not "close out" or otherwise terminate the Insurance Program. Rather, in accordance with the terms of the Insurance Program and this Agreement, Decton remains obligated to reimburse National Union for, among other things, all incurred losses up to Decton's agreed-upon retention, as well as the payment of premium and expenses, and future annual retrospective premium adjustments in accordance with the Payment Agreement, Policies, and this Agreement. Without limiting the foregoing, Decton agrees that it will timely pay all premium adjustment invoices issued by National Union after the date of this Agreement.

Pursuant to the Ratification of Obligations Provision, Decton owes a balance to National Union of $424,587 (the "Balance Due"), plus applicable interest and costs of enforcement, in accordance with the Payment Agreement.

18. Efforts to resolve this dispute having failed, National Union now brings the instant action against Decton.

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

19. Plaintiff incorporates by reference its allegations in paragraphs 1 through 18 as if fully set forth herein.

20. On March 2, 2016, National Union and Decton entered into the Settlement Agreement. The Settlement Agreement is in writing and is binding and enforceable.

21. National Union performed under the Settlement Agreement by adhering to the terms thereunder, including by discontinuing the Arbitration with prejudice.

22. Decton breached the Settlement Agreement by defaulting on its payment obligation and failing to cure within the requisite cure period.

23. As a result of Decton's breach, Plaintiff has been damaged in the amount of $900,519, reflecting the Adjusted Outstanding Balance minus the installment payments made by Decton, plus applicable interest and costs of enforcement, as set forth above.

## SECOND CAUSE OF ACTION
**(Breach of Contract and to Compel Arbitration in Event of Payment Dispute)**

24. Plaintiff incorporates by reference its allegations in paragraphs 1 through 23 as if fully set forth herein.

25. Decton owes the Balance Due to National Union of $424,587, plus applicable interest and costs of enforcement, in accordance with the Payment Agreement and the

Ratification of Obligations Provision. As a result of the Decton's breach, Plaintiff has been damaged in this amount.

26. In the event Decton disputes the Balance Due, then there is a payment dispute between it and National Union as to this portion of the matter before the Court.

27. The Payment Agreement broadly requires that all disputes about "Your Payment Obligation" be submitted to arbitration before a Panel of three industry qualified arbitrators, and that "[a]ny other unresolved dispute arising out of this Agreement must be submitted to arbitration." The Payment Agreement further provides that the Arbitration Panel "will have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability."

28. The Payment Agreement vests jurisdiction in this Court to decide whether to compel arbitration, specifically providing that any motion to compel arbitration must be brought "in a court of competent jurisdiction in the City, County, and State of New York."

29. The Payment Agreement provides that "[t]he arbitration must be governed by the United States Arbitration Act, Title 9 U.S.C. Section 1, et seq. ["FAA"]." Even in the absence of this express provision, however, the FAA would apply because any dispute over the amount of Decton's payment obligations under the Insurance Program and Payment Agreement involves interstate commerce.

30. The Payment Agreement also provides:

> **WHO MUST PAY TO ENFORCE THIS AGREEMENT?** If You or we fail to perform or observe any provision under this Agreement, the other may incur reasonable additional expenses to enforce or exercise its remedies. Either You or we must reimburse the other upon

demand and presentation of clear and convincing supporting evidence for any and all such additional expenses.

National Union seeks an award of its "reasonable additional expenses to enforce or exercise its remedies" under the Payment Agreement, including but not limited to its reasonable attorneys' fees and costs of compelling arbitration in the event of a payment dispute as to the Balance Due.

31. Pursuant to Section 4 of the FAA and the broad arbitration provisions of the Payment Agreement entered into between Decton and National Union, National Union is entitled to an Order compelling arbitration of any payment dispute between it and Decton.

## PRAYER FOR RELIEF

WHEREFORE, National Union demands judgment in its favor against Decton as follows:

A. Awarding to National Union money damages in the amount of $900,519, reflecting the Adjusted Outstanding Balance minus the installment payments made by Decton, plus applicable interest and costs of enforcement, for Decton's breach of the Settlement Agreement;

B. If the obligation to pay $424,587 as the Balance Due is not disputed by Decton, awarding to National Union money damages in the amount of $424,587, reflecting the Balance Due, plus applicable interest and costs of enforcement;

C. If the obligation to pay $424,587 as the Balance Due is disputed by Decton, compelling arbitration of National Union's claim for the Balance Due plus applicable interest and costs of enforcement, in accordance with the Payment Agreement between Decton and National Union; and

D. Granting such other and further relief as the Court deems just and proper.

8

Dated:    New York, New York
          March 30, 2020                    ZEICHNER ELLMAN & KRAUSE LLP

                                            /s/ Michael S. Davis
                                  By: _____
                                          Michael S. Davis
                                          Yoav M. Griver
                                          *Attorneys for plaintiff National Union Fire*
                                            *Insurance Company of Pittsburgh, Pa.*
                                          1211 Avenue of the Americas, 40th Floor
                                          New York, New York 10036
                                          (212) 223-0400